Taet, J.,
concurring. The quotation in the majority opinion from Lucas v. Carney et al., Board of County Commissioners, ante, 416, points up the inconsistency between the allowance of damages in that case for the destruction of personal property under what was there referred to as “the doctrine of appropriation by encroachment” and the law as announced in that part of paragraph four of the syllabus in the instant case relating to ‘ ‘ removing * * * personal property, ’ ’ which in the instant case is described in the majority opinion as “heavy machinery placed on especially substantial foundations which could not be removed and used elsewhere.”
In the Lucas case, it did not appear what if any right the *470 owner of the personal property involved had to keep his personal property on the real estate which was there admittedly owned by someone else. In the instant case, the owner of the personal property had its personal property on the real estate which it had a right to occupy under its lease.
In the instant case, if the lessee had left its personal property where it was, then, if the Lucas decision with respect to personal property were followed, there would have been a taking under what was referred to in that case as the ‘‘ doctrine of appropriation by encroachment” when the bulldozers of the state moved in and destroyed it, and the state would have had to pay compensation to the owner of that personal property for its destruction. However, under the law as announced in paragraph four of the syllabus in the instant case, the owner of that property is not allowed anything for any part of the expense it incurs in order to avoid the damage to its personal property that would result if it did not move it out of the way of the state’s bulldozers. It is impossible for me to reconcile that conclusion on any reasonable basis with the part of the decision in the Lucas case that related to personal property.
On the other hand, if we follow the words quoted in the majority opinion from the Lucas case, the owner of personal property, who leaves it on real estate taken in an eminent domain proceeding, gets nothing on account of its damage for the ‘ ‘ reason” that such personal property was not “designated” in the appropriation proceeding as property to be “taken” and must therefore be “excluded” as property “taken.” Does this require the conclusion that, where the taker in an appropriation proceeding designates parcel A as the property to be taken and thereby excludes the adjoining separate parcel B as property taken, such taker can occupy and use parcel B without paying for it?
In my opinion, no sound reason has ever been advanced for denying compensation for at least part of the cost of removing personal property from real estate upon which such personal property is lawfully located at the time such real estate is taken pursuant to exercise of the power of eminent domain, especially where, as here, its location thereon could and would have lawfully continued for a substantial time except for the appro *471 priation of that real estate. See 1 Orgell on Valuation Under Eminent Domain (2 Ed.), 306 et seq., Sections 69 and 70. However, the other members of this court and the great weight of authority apparently both favor denying any such compensation. 2 Nichols on Eminent Domain (3 Ed.), 212, Section 5.84; 2 Lewis on Eminent Domain (3 Ed.), 1277, Section 728; 18 American Jurisprudence, 895, Section 255. Hence, with reluctance but because of the desirability of unanimity in establishing a definite rule on that question in Ohio, I concur in that result.
As I read the majority opinion dealing with what is there referred to as the “first question,” it requires the conclusion that, where a parcel of real estate is being taken by the highway director and that real estate has been leased, the trial court may never permit both counsel for the lessor and counsel for the lessee to examine prospective jurors on voir dire. The lessor and lessee, to the extent specified in Section 5519.02, Revised Code, “shall be considered as one party.” However, there may be instances where a lessor and a lessee are unfriendly or where neither will be satisfied with the counsel for the other. In such a situation, the trial court should have discretion to allow one such counsel to examine prospective jurors on the voir dire after such examination by the other of such counsel, especially where such examination does not cover the same ground as the previous examination did. Such a right with respect to cross-examination of witnesses and separate closing arguments is apparently recognized in the majority opinion except where such cross-examination concerns or argument is made only with respect to “separate” lessee and lessor “interests.”
To the extent that this statute is interpreted to prevent counsel for the lessee from participating in the conduct of any part of the trial in which counsel for the lessor has previously participated and vice versa, a serious question will arise as to its constitutional validity. Also, if the statute is so interpreted, how will- a trial court determine which counsel can cross-examine a particular witness, argue to the jury, offer the testimony of witnesses or otherwise participate in the trial, if counsel and their clients cannot agree?